## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Shifflett, Jr.

v.

Poole et al.

March 8, 1983

Case No. (Law) 7600

By JUDGE WILEY R. WRIGHT, JR.

The plaintiff has nonsuited Count II of the motion for judgment and has moved for summary judgment on Count I.

The plaintiff relies on a written agreement executed by the plaintiff and the defendants on February 2, 1982, by the terms of which the plaintiff sold to the defendants his interest in a partnership known as Poole Air Couriers. The defendants say that the written agreement does not embody the entire agreement between the parties and that the plaintiff breached a contemporaneous oral covenant not to compete which was part of the buy-out agreement.

The question for determination is whether the parol evidence rule bars the admission at trial of evidence of the contemporaneous oral agreement not to compete. The defendants rely on the partial integration doctrine to avoid the application of the parol evidence rule.

Notwithstanding the holding in *Slaughter v. Smither*, 97 Va. 202, 33 S.E. 544 (1899), I am of opinion that the partial integration doctrine is applicable to this case. This doctrine is explicated in *High Knob, Inc. v. Allen*, 205 Va. 503, 506, 138 S.E.2d 49 (1964), as follows:

It is universally accepted that parol or extrinsic evidence will be excluded when offered to add to, subtract from, vary or contradict the terms of a written contract. But there are well recognized exceptions to the rule. Where the entire agreement has not been reduced to writing, parol evidence is admissible, not to contradict or vary its terms but to show additional independent facts contemporaneously agreed upon, in order to establish the entire contract between the parties. This is generally referred to as the partial integration doctrine. (Citations omitted.)

The defendants will be afforded the opportunity at trial to offer evidence tending to prove that the written agreement was not intended to constitute the entire agreement between the parties. Inasmuch as this evidence could affect the outcome of the case, summary judgment is inappropriate. See *Simpson v. Taxicab Corporation*, 203 Va. 892, 894, 128 S.E.2d 306 (1962).

The motion for summary judgment will be denied without prejudice to the right of the plaintiff to renew said motion at the conclusion of all of the evidence.